UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| Brandance Jarrau Rosevelt: Hopper, | ) | C/A No. 3:22-cv-00259-DCC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of North Carolina, Lawrence W. Blake, Hutchens Law Firm, LLP, Frank D. Whitney, Hilton Terry Hutchens, Rocket Mortgage, LLC, Elisa Chinn-Gary, Donald C. Coggins, Jr., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's motion for recusal. ECF No. 28. Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

---

[1] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

Plaintiff has alleged that the Court harbors bias and animosity against him based on the undersigned's rulings in this action.[2] Judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion." See *Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id*.

Plaintiff has not alleged any other basis or supporting facts than the Court's own rulings. His motion, therefore, is insufficient as a matter of law to establish any basis for the undersigned to recuse himself; accordingly, the motion is denied.[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 18, 2022
Spartanburg, South Carolina

---

[2] Plaintiff alleges a variety of violations of his rights and of the undersigned's sworn duties as a United States District Judge. He further contends that the undersigned is a member of a secret society. All of these allegations stem from rulings in this case.

[3] The undersigned is aware that Plaintiff has named him as a Defendant in the Amended Complaint. ECF No. 26. At this procedural posture, the undersigned notes that he is not required to recuse merely because the undersigned has been named in the Amended Complaint. See 28 U.S.C. § 455(b)(5)(I); see also *In re Hipp, Inc.*, 5 F.3d 109, 116–17 (5th Cir. 1993); *U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *Horob v. Cebull*, 2011 WL 2607088, *1 n. 1 (D. Mont. July 1, 2011); *Bush v. Cheatwood*, 2005 WL 3542484, at *1 (N.D. Ga. Dec. 23, 2005).