IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| Brandace Jarreau Rosevelt Hopper,<br><br>                 Plaintiff,<br><br>vs.<br><br>State of North Carolina, Lawrence W. Blake, Hutchens Law Firm, LLP, Frank D. Whitney, Hilton Terry Hutchens, Rocket Mortgage, LLC, Elisa Chinn-Gary, Donald C. Coggins, Jr.,<br><br>                 Defendants. | C/A No. 3:22-cv-00259-DCC-KFM<br><br>**<u>ORDER</u>** |

        This matter is before the court on a motion for recusal filed by the plaintiff (doc. 30). On July 6, 2022, Judge Reidinger entered an order designating the Honorable Kevin F. McDonald, United States Magistrate Judge, to hold court and perform any and all judicial duties designated under 28 U.S.C. § 636 for all pretrial proceedings in the instant matter (doc. 11).

        On July 15, 2022, the plaintiff filed a motion for recusal of the undersigned based upon disagreement with rulings by the undersigned in this case (doc. 30). The plaintiff also alleges a variety of violations of his rights as well as that the undersigned is a member of a secret society, which also involve rulings made by the undersigned in this case (*id.*). As an initial matter, dissatisfaction with this Court's rulings does not entitle the plaintiff to recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Additionally, the plaintiff has failed to show that the undersigned has any direct, personal, substantial pecuniary interest in this matter. *See Tumey v. State of Ohio*, 273 U.S. 510, 523 (1927). Neither has the plaintiff shown that the undersigned has an actual, subjective bias, or that, objectively, the average judge in the undersigned's position would possess unconstitutional

bias. *See Williams v. Pennsylvania*, 136 S.Ct. 1899, 1905 (2016) (internal citation omitted). The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir.1994) (citations and quotations omitted). Accordingly, because there is no occasion for recusal in the present case, the plaintiff's motion for recusal (doc. 30) is without merit and is **denied**.

   **IT IS SO ORDERED**.

                s/ Kevin F. McDonald
                United States Magistrate Judge

July 18, 2022
Greenville, South Carolina