IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | | |
|---|---|---|
| Brandace Jarreau Rosevelt:  Hopper, | ) | |
| | ) | C/A No. 3:22-cv-00259-DCC-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| State of North Carolina; Lawrence W. | ) | |
| Blake; Hutchens Law Firm, LLP; Frank | ) | |
| D. Whitney; Hilton Terry Hutchens; | ) | |
| Rocket Mortgage, LLC; Elisa | ) | |
| Chinn-Gary; Donald C. Coggins, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

   This matter is before the court on five motions filed by the plaintiff (docs. 7; 13; 41; 42; 57) and four motions filed by the defendants (docs. 17; 19; 32; 52).  On June 17, 2022, the Honorable Martin Reidinger, Chief United States District Judge for the Western District of North Carolina, entered an order seeking assignment of a visiting judge to this action because the judges of the Western District of North Carolina had recused themselves (doc. 6).  On June 30, 2022, the United States Court of Appeals for the Fourth Circuit designated the Honorable Donald C. Coggins, Jr., United States District Judge for the District of South Carolina, to hold court in the Western District of North Carolina for all proceedings in the instant matter (doc. 10).  On July 6, 2022, Chief Judge Reidinger entered an order designating the undersigned to hold court and perform any and all judicial duties designated under 28 U.S.C. § 636 for all pretrial proceedings in the instant matter (doc. 11).  As such, this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## LITIGATION HISTORY

The instant action is one in an array cases involving foreclosure proceedings for the plaintiff's house, including actions in the United States District Court for the Western District of North Carolina as well as in the North Carolina state court system.[1]  *See Hopper v. Hutchens, et al.*, C/A No. 3:22-cv-00116-FDW-DSC (W.D.N.C.) ("Matter Number 3"); *Hopper v. Quicken Loans*, C/A No. 3:20-cv-00075-FDW-DCK (W.D.N.C.) ("Matter Number 2"); *Hopper v. Mortg. Elec. Registration Sys., Inc., et al.*, C/A No. 3:18-cv-00034-FDW-DSC (W.D.N.C.) ("Matter Number 1"); *Hopper v. Rocket Mortg.*, C/A No. 19 CVM 33951 (Mecklenburg Cnty. Small Claims Court) ("Small Claims Action"); *In re Matter of the Foreclosure of a Deed of Trust executed by Brandace J. Hopper and Tamara V. Hopper*, C/A No. 22 SP 268 (Mecklenburg Cnty. Sup. Ct.) ("Foreclosure Action").

As noted, at the middle of this litigation is the mortgage executed on December 22, 2012, and recorded December 28, 2012, by the plaintiff for the property located at 8622 Berrybrook Lane, Charlotte, North Carolina ("the subject property") (doc. 8-2 at 8–10).  In July 2017, the plaintiff tendered a sovereign-citizen style debt elimination instrument purporting to pay off the balance of the loan, but the mortgage holder did not honor it (doc. 18 at 3).  The plaintiff then filed Matter Number 1, contesting the validity of a deed of trust and its subsequent assignment and seeking to remove the mortgage holder's stake in the subject property.  *Hopper*, C/A No. 3:18-cv-00034-FDW-DSC (W.D.N.C.).  After the removal of Matter Number 1 to this court, the Honorable Frank D. Whitney, then Chief United States District Judge for the Western District of North Carolina,

_____

[1] The court takes judicial notice of the plaintiff's other proceedings in the United States District Court for the Western District of North Carolina as well as in the North Carolina state court system.  *See Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

entered an order on March 12, 2018, finding the plaintiff's complaint failed to state a claim for relief.  *Id.*

After dismissal of Matter Number 1, the plaintiff resumed payment on the loan (resulting in the dismissal of a prior foreclosure proceeding) and continued paying on the loan until 2019 (doc. 8-2 at 4).  In December 2019, after the plaintiff again ceased payment on the loan, defendant Rocket Mortgage issued a pre-foreclosure notice to the plaintiff (*id*. at 4).  During this same time, the plaintiff filed the Small Claims Action, which was dismissed on January 21, 2020.  *Hopper*, C/A No. 19 CVM 33951.  The plaintiff then filed Matter Number 2 against Quicken Loans, seeking criminal prosecution of Quicken Loans and unspecified equitable relief.  *Hopper*, C/A No. 3:20-cv-00075-FDW-DCK.  On June 5, 2020, on initial review pursuant to 28 U.S.C. § 1915(e)(2), Judge Whitney dismissed Matter Number 2, noting that it was duplicative of Matter Number 1 and the claims asserted were frivolous, malicious, or failed to state a claim upon which relief could be granted.  *Id*. at doc. 9.  Following issuance of the pre-foreclosure notice, a moratorium on foreclosures was imposed due to the COVID-19 pandemic (doc. 8-2 at 4–5).  During the period the moratorium was in effect, the plaintiff did not cure the delinquency or make payments on the loan, so on January 19, 2022, a notice of payoff was issued (*id*. at 5, 72–73).

The plaintiff then filed Matter Number 3, seeking to have a foreclosure sale vacated, to have actions by the defendants named in that action (many of whom are also named in the instant matter) declared unfair and deceptive, to have the loan discharged, to have his credit report corrected, and for money damages.  *Hopper*, C/A No. 3:22-cv-00116-FDW-DSC.  On April 11, 2022, Judge Whitney, on initial review pursuant to 28 U.S.C. § 1915(e)(2), issued an order dismissing the plaintiff's case as duplicative of prior cases filed in this court, as lacking a plausible basis is fact or law, for failing to state a claim for relief, and for being frivolous.  *Id*. at doc. 5.  Judge Whitney's dismissal order also noted as follows:

3

The Plaintiff has now repeatedly presented the same or similar claims before this Court. The duplicative, frivolous, and vexatious nature of his filings demonstrates that he is unable to state a plausible claim such that amendment would be futile. Accordingly, the Court will close this case without offering the Plaintiff the opportunity to amend.

**The Plaintiff is cautioned that any further duplicative, frivolous, or abuse filings in this Court will be stricken without further notice and may result in the imposition of sanctions including a pre-filing injunction.**

*Id*. at doc. 5 p. 9 (emphasis in original). On May 11, 2022, in the Foreclosure Action, an order permitting foreclosure and order setting bond on appeal were entered. *In re Matter of the Foreclosure of a Deed of Trust executed by Brandace J. Hopper and Tamara V. Hopper*, C/A No. 22 SP 268 ("the Foreclosure Order"). As outlined in more detail below, the plaintiff then filed the instant action on June 9, 2022 (docs. 1; 1-1; 5).

## PROCEDURAL HISTORY

The plaintiff's complaint and notice of removal were entered on the docket on June 9, 2022 (docs. 1;1-1; 5). On June 22, 2022, the plaintiff filed a motion for sanctions (doc. 7). On June 29, 2022, defendants Lawrence W. Blake, Hilton Terry Hutchens, Hutchens Law Firm, LLP, and Rocket Mortgage, LLC (hereinafter "the Foreclosing Defendants") filed a motion seeking additional time to respond to the plaintiff's complaint (doc. 9), which was granted on July 5, 2022. On July 6, 2022, the plaintiff filed a motion for default judgment (doc. 13). On July 7, 2022, the Foreclosing Defendants responded to the plaintiff's motion for sanctions (doc. 15). On July 11, 2022, the Foreclosing Defendants filed a motion to dismiss (doc. 17) and a motion to remand (doc. 19). On July 12, 2022, the court issued an order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the Foreclosing Defendants' motion (doc. 21). On July 13, 2022, the plaintiff filed an affidavit containing information in support of his motion for a default judgment (doc. 23). On July 14, 2022, the plaintiff filed

4

an amended complaint (doc. 26). That same day, the plaintiff filed a motion seeking recusal of Judge Coggins (doc. 28), which was denied on July 18, 2022 (doc. 34). On July 15, 2022, the plaintiff filed a motion seeking recusal of the undersigned (doc. 30), which was denied on July 18, 2022 (doc. 35). On July 15, 2022, defendants State of North Carolina and Elisa Chinn-Gary (hereinafter "the State Defendants") filed a motion to dismiss (doc. 32). On July 18, 2022, the court issued a second order in accordance with *Roseboro*, 528 F.2d 309, advising the plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the State Defendants' motion (doc. 36). On July 18, 2022, the plaintiff filed a second motion seeking recusal of the undersigned (doc. 40), which was denied on July 20, 2022. The plaintiff also filed a second motion for default judgment on July 18, 2022 (doc. 41). On July 20, 2022, the plaintiff filed a motion for summary judgment (doc. 42). On July 27, 2022, the Foreclosing Defendants filed an additional attachment to their motion that was inadvertently omitted from their previous filing (doc. 51). On July 27, 2022, the plaintiff filed an affidavit reasserting the arguments presented in support of his motion for default judgment (doc. 49). On July 28, 2022, the Foreclosing Defendants filed a motion to dismiss the plaintiff's amended complaint (doc. 52). On July 29, 2022, the court issued a third order in accordance with *Roseboro*, 528 F.2d 309, advising the plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the Foreclosing Defendants' second motion to dismiss (doc. 53). On August 2, 2022, the State Defendants filed a response in opposition to the plaintiff's motion for summary judgment (doc. 54). On August 2, 2022, the Foreclosing Defendants filed a response in opposition to the plaintiff's motion for default judgment and the plaintiff's motion for summary judgment (doc. 55). On August 2, 2022, the plaintiff filed an affidavit containing information regarding his claims (doc. 56). On August 8, 2022, the plaintiff filed a second motion for summary judgment (doc. 57). On August 9, 2022, the plaintiff filed an

5

appeal of the denial of his recusal motions by the undersigned and Judge Coggins (doc. 59). On August 11, 2022, an order was entered staying the case pending a decision by the Fourth Circuit on the plaintiff's appeal. On April 24, 2023, the Fourth Circuit dismissed the plaintiff's appeal (doc. 62), and the stay of the case ended when the mandate was issued on May 16, 2023 (doc. 63). On May 17, 2023, the undersigned issued an order setting deadlines for the plaintiff to respond to the defendants' pending motions (doc. 64).[2] The plaintiff did not file any response to the undersigned's May 17, 2023, order. Nevertheless, the undersigned has considered the plaintiff's filings as a whole in evaluating the motions addressed herein.

In light of the foregoing, the following motions are now ripe for review: the plaintiff's motion for sanctions (doc. 7); the plaintiff's motions for default judgment (docs. 13; 41); the plaintiff's motions for summary judgment (docs. 42; 57); the Foreclosing Defendants' motion to dismiss the complaint (doc. 17); the Foreclosing Defendants' motion to dismiss the amended complaint (doc. 52); the Foreclosing Defendants' motion to remand (doc. 19); and the State Defendants' motion to dismiss (doc. 32).

## ALLEGATIONS:

In this action, as noted, the plaintiff filed a complaint and notice of removal on June 9, 2022 (docs. 1; 1-1). In doing so, the plaintiff purported to remove the Foreclosure Action to this court and filed claims separate from the Foreclosure Action against defendants not a party to the Foreclosure Action (docs. 1; 1-1). On July 14, 2022, the plaintiff filed an amended complaint, adding Judge Coggins as a defendant (doc. 26). The plaintiff's amended complaint – purportedly brought pursuant to 42 U.S.C. § 1983 – seeks damages in excess of sixty million dollars (*id*.). The plaintiff alleges that the Foreclosing

---

[2] Because the plaintiff filed a notice of change of address with the Court of Appeals for the Fourth Circuit, the order was mailed to both the plaintiff's address of record with this court as well as to the address he provided to the Fourth Circuit.

Defendants have violated his rights by presenting an altered or stolen "contract"/"agreement" in the Foreclosure Action (*id*. at 4–6, 9). He further contends that the loan servicer violated his rights by failing to follow appropriate accounting policies required by the Truth in Lending Act ("TILA") and rejecting the tender he offered for payment (*id*. at 4–6, 10–11). The plaintiff further contends that the North Carolina statute outlining the foreclosure procedure is invalid as a matter of law under the North Carolina Constitution (*id*. at 6–7, 9). The plaintiff also alleges that the Foreclosure Order is invalid since it was filed by Ms. Chinn-Gary, because he "recused" the clerk and filed a notice of appeal and the required bond (*id*. at 7, 9–10). The plaintiff alleges that Judge Whitney violated his rights by filing orders without issuing a summons or determining jurisdiction (*id*. at 8). He further contends that the subject property was sold on June 7, 2022, despite this pending litigation and with no proof of standing or jurisdiction in the Foreclosure Action (*id*. at 8). The plaintiff alleges that Judge Coggins issued an order granting a motion for extension of time filed by the Foreclosing Defendants even though the Foreclosing Defendants are not properly filing motions in this case (*id*. at 8–9). He contends that both Judge Whitney and Judge Coggins have allowed attorney testimony on the record and failed to follow the Local Civil Rules and Federal Rules of Civil Procedure (*id*. at 9). The plaintiff's twelve causes of action are as follows: (1) claims pursuant to 42 U.S.C. § 1983; (2) due process violations; (3) conspiracy to commit real estate fraud; (4) forgery; (5) wrongful foreclosure; (6) beach of contract; (7) real estate deed fraud; (8) obstruction of justice; (9) slander of title or slander of credit; (10) violations of the Federal Debt Collections Practices Act ("FDCPA"); (11) IIED; and (12) violation of oath of office (*id*. at 12–24). For relief, the plaintiff requests money damages and any and all other relief the court deems appropriate (*id*. at 17, 24–25).

7

## APPLICABLE LAW AND ANALYSIS

As an initial matter, the plaintiff is a *pro se* litigant, and his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (finding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, C/A No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016), *R&R adopted by* 2016 WL 8650131 (D.S.C. July 7, 2016), *aff'd* 671 F. App'x 85 (4th Cir. 2016) (mem).

As outlined above, there are nine motions pending before the court, including five by the plaintiff (docs. 7; 13; 41; 42; 57), three by the Foreclosing Defendants (docs. 17;

8

19; 52), and one by the State Defendants (doc. 32). Because the undersigned recommends that the defendants' motions be granted as well as that this matter be dismissed as duplicative and frivolous (as outlined in more detail below), the undersigned has not addressed each of the plaintiff's motions in detail.

**Judicial Defendants**

The plaintiff's amended complaint seeks damages from two United States District Judges, Judge Whitney and Judge Coggins (*see* doc. 26). However, these two individuals were not involved in the Foreclosure Action; thus, the court has not authorized service upon these two defendants, and the allegations against them will be reviewed pursuant to the inherent authority of the court to ensure that subject matter jurisdiction exists and that pleadings are not frivolous, as outlined above. *See Mallard*, 490 U.S. at 307–08 ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross*, 493 F. App'x at 406 (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)). Accordingly, under the inherent authority of the court, the plaintiff's allegations against Judge Whitney and Judge Coggins will be reviewed.

First, Judge Whitney and Judge Coggins are subject to dismissal in this action based upon sovereign immunity. Under the doctrine of sovereign immunity, "[t]he United States, as sovereign, is immune from suit" except for situations in which it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has not waived sovereign immunity in this action *nor* has it generally waived sovereign immunity for lawsuits brought against it involving actions taken by federal judges acting in their official capacities. *See Griffin v. Thornburg*, C/A No. 1:08-cv-00222, 2008 WL 2512901, at *3

9

(W.D.N.C. June 19, 2008) (dismissing case against federal district judge on the basis of sovereign immunity). As such, the court lacks subject matter jurisdiction over the plaintiff's claims against Judge Whitney and Judge Coggins because they are entitled to sovereign immunity.

Additionally, Judge Whitney and Judge Coggins are also subject to dismissal based upon judicial immunity. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Moreover, immunity applies even when a judge is alleged to have acted "maliciously or corruptly." *Stump*, 435 U.S. at 355–56. The allegations as to Judge Whitney and Judge Coggins concern their judicial actions (and there have been no rulings finding that their actions were in excess of their jurisdiction as United States District Judges); as such, the plaintiff's claims against Judge Whitney and Judge Coggins should also be dismissed based upon judicial immunity.

**Motions for Default Judgment**

The plaintiff has filed two motions for default judgment, alleging that any responsive pleadings filed by the defendants should be stricken as improperly filed and thus the defendants are in default and a judgment should be granted against them (docs. 13;

10

41). As an initial matter, pursuant to Federal Rule of Civil Procedure 55, before a party may seek default judgment, there must be an entry of default entered by the Clerk of Court. Fed. R. Civ. P. 55(a); *see* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed.2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). In the instant matter, the plaintiff did not seek entry of default against the defendants; as such, his motions for default judgment (docs. 13; 41) should be denied.

Moreover, the plaintiff's contention that the defendants have defaulted in this action is based upon his incorrect assertion that counsel for the Foreclosing Defendants and for the State Defendants have inappropriately filed documents on their clients' behalf – an assertion that the plaintiff relies on in his eight motions to strike (docs. 12; 14; 27; 38; 39; 43; 44; 45) all of which have been denied. Moreover, default judgments are generally disfavored in the Fourth Circuit. *Tazco, Inc. v. Dir., Off. of Workers Comp. Program*, 895 F.2d 949, 950 (4th Cir. 1990). Further, to the extent the plaintiff seeks a default judgment against Judge Whitney or Judge Coggins, as noted above, service of those defendants was not authorized by the court, and any claims against them are barred by both sovereign and judicial immunity. *See supra* pp. 9–10. As such, the plaintiff's motions for default judgment (docs. 13; 41) should be denied.

**Motion to Remand**

The Foreclosing Defendants have moved, in essence, to sever the Foreclosure Action from the instant matter and remand it to North Carolina state court (doc. 19). The Foreclosing Defendants also seek an order from this court directing that bids placed to purchase the subject property may be honored (doc. 20 at 3). The plaintiff filed motions to strike the Foreclosing Defendants' motion to remand (docs. 38; 44), which were denied on July 20, 2022, and July 22, 2022; however, the plaintiff did not file a substantive response to the Foreclosing Defendants' motion to remand.

Federal Rule of Civil Procedure 20 provides that actions may be brought together only if the right to relief being asserted arises out of the same transactions or occurrences and involves questions of law or fact common to all claims. Fed. R. Civ. P. 20. Rule 21 provides that "the court may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. The factors to be considered in evaluating a motion to sever under Rule 21 are as follows:

> (1) whether the issues sought to be severed are significantly different from one another; (2) whether the issues require different witnesses and evidence; (3) whether the party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

*Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 459 (D.S.C. 2016) (citation and internal quotation marks omitted). Under Rule 21, a court has "virtually unfettered discretion in determining whether or not severance is appropriate." *Alvarez v. Lassiter*, C/A No. 1:18-cv-00116-FDW, 2018 WL 4643160, at *1 (W.D.N.C. Sept. 27, 2018) (internal citation and quotation marks omitted). Here, the Foreclosure Action and the plaintiff's remaining claims for relief under § 1983, while related, involve separate issues of law and fact. For example, as outlined in more detail below, the Foreclosure Action is an action based in North Carolina state law, while the claims brought in the instant action involve alleged violations of federal law surrounding the subject property. Further, the plaintiff has not asserted that he would be prejudiced if the Foreclosure Action was severed from the instant matter. As such, the undersigned finds it appropriate to recommend that the Foreclosure Action be severed from the instant matter pursuant to Rule 21.

Having recommended that the Foreclosure Action be severed from the instant matter, the undersigned will also address whether the Foreclosure Action should be remanded to the Mecklenburg County Superior Court. Under 28 U.S.C. § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original

12

jurisdiction, may be removed by the defendant or the defendants." The burden of demonstrating jurisdiction – and the propriety of removal, however, rests with the removing party. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Here, the plaintiff alleges federal question jurisdiction in his notice of removal, alleging that proceedings in the Foreclosure Action violated his rights (docs. 1-1; 5). The Foreclosing Defendants assert, however, that the plaintiff's removal was both untimely and that the court does not have jurisdiction over the Foreclosure Action. The court addresses each argument in turn.

Pursuant to 28 U.S.C. § 1446, a defendant seeking to remove an action to federal district court must file a notice of removal within "30 days after receipt by or service on that defendant of the initial pleading or summons." 28 U.S.C. § 1446(B). In North Carolina, a foreclosure action is initiated with the filing of a notice of hearing instead of a complaint and summons. *See Jennifer Belter Formichella, PLLC v. Fisher*, C/A No. 1:12-cv-00085, 2012 WL 2501110, at *2 (W.D.N.C. June 28, 2012) (internal citation omitted). Here, the Foreclosing Defendants argue that the plaintiff was served with the Foreclosure Action on January 31, 2022 (docs. 20 at 2; 51 at 3–4). The plaintiff filed his complaint and notice of removal on June 9, 2022 (doc.1-1), with a second notice of removal filed on June 13, 2022 (doc. 5), well after the 30-day time period provided for in the removal statute. "Failure to file a notice of removal within thirty (30) days of receipt of the notice of foreclosure hearing is grounds for remand." *Formichella*, 2012 WL 2501110, at *2 (internal citation and quotation marks omitted). The time limit is strictly construed in favor of state court jurisdiction. *Id*. As such, the undersigned recommends that the Foreclosure Action be remanded to state court.

Of note, the Foreclosure Action should also be remanded because the Foreclosure Action does not present a federal question to justify the exercise of federal question jurisdiction in this matter. In determining federal question jurisdiction, the

13

complaint – or in this case, the notice of hearing – controls. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "[n]o question of federal law is implicated by the properly pleaded notice of foreclosure. Thus, federal [question] jurisdiction does not exist." *Rogers Townsend & Thomas, PC v. Boehm*, C/A No. 1:12-cv-00163, 2012 WL 3155581, at *2 (W.D.N.C. Aug. 2, 2012); *see Formichella*, 2012 WL 2501110, at *2–3. Indeed, "actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006), *cert. denied* 549 U.S. 1260 (2007). Moreover, federal courts do not interfere in state court foreclosure proceedings. *See Arnold v. Waterfield Mort. Co.*, 966 F. Supp. 387, 389 (D. Md. 1996), *aff'd* 116 F.3d 472 (4th Cir. 1997); *Rogers Townsend & Thomas, PC*, 2012 WL 3155581, at *2 (noting that only the Supreme Court has the jurisdiction to review state court decisions). Accordingly, because the plaintiff's notice of removal was not timely filed *and* because the court lacks federal question jurisdiction over the Foreclosure Action, it is recommended that the Foreclosure Action be severed from the instant matter and remanded to the Mecklenburg County Superior Court, granting in part the Foreclosing Defendants' motion to remand. However, to the extent the Foreclosing Defendants seek an instruction or order from this court to the state court that bids on the subject property may be honored on remand, it is recommended that this portion of the motion to remand be denied, as federal courts do not interfere in state court foreclosure proceedings. *See Arnold*, 966 F. Supp. at 389. As such, it is recommended that the Foreclosing Defendants' motion to remand (doc. 19) be **granted** to the extent it seeks to sever the Foreclosure Action and remand it to state court, and be **denied** with respect to any other relief sought.

**Motions to Dismiss by the Foreclosing Defendants and the State Defendants**

In addition to moving to remand the Foreclosure Action (doc. 19), the Foreclosing Defendants have also filed a motion to dismiss the plaintiff's complaint (doc. 17) and a renewed motion to dismiss the plaintiff's amended complaint (doc. 52), noting

14

that the plaintiff's claims against the Foreclosing Defendants in the amended complaint were not different from those proffered in the original complaint (*id*. at 1–2). The State Defendants have also filed a motion to dismiss the plaintiff's amended complaint (doc. 32). As an initial matter, the Foreclosing Defendants and the State Defendants have moved for dismissal based upon improper service (docs. 18 at 6, 7; 33 at 5–11). However, as set forth in more detail below, because the undersigned recommends that the defendants' motions to dismiss be granted on other grounds, the undersigned will not address their arguments regarding improper service.

### Res Judicata

Both the Foreclosing Defendants and the State Defendants move to dismiss this action based upon *res judicata* (docs. 18 at 15–16; 33 at 18–19). Under the doctrine of claim preclusion—or *res judicata*—a final judgment on the merits of an action bars the parties from re-litigating the issues that were or could have been raised in the prior action. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). In order for *res judicata* to apply, there must have been (1) a final judgment on the merits in a prior suit; (2) the identity of the cause of action in both suits; and (3) the same parties or their privies in the two suits. *Id*. at 354–55 (citing *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)); *see Orca Yachts L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (noting that claim preclusion applies when there has been a valid and final judgment—even if the matter was not actually litigated (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). In evaluating whether the same cause of action is brought in both suits, the court ascertains whether the claim in the new litigation "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (internal quotation marks omitted) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). In the instant action, the plaintiff seeks relief in this action as follows: (1) pursuant to 42 U.S.C. § 1983; (2) due

15

process violations; (3) conspiracy to commit real estate fraud; (4) forgery; (5) wrongful foreclosure; (6) beach of contract; (7) real estate deed fraud; (8) obstruction of justice; (9) slander of title or slander of credit; (10) violations of the Federal Debt Collections Practices Act ("FDCPA"); (11) IIED; and (12) for violation of oath of office (*see* doc. 26). The plaintiff has already brought claims regarding these causes of action in this court (with the exception of the violation of oath of office claim against Judge Whitney and Judge Coggins addressed *supra*), although he has named additional parties in this action. For example, the plaintiff's claims regarding conspiracy to commit real estate fraud and real estate deed fraud were dismissed with prejudice by the court in Matter Number 1. *See Hopper*, 2018 WL 1278204. In Matter Number 2, the plaintiff's same claims were again dismissed as both duplicative and frivolous. *See Hopper*, C/A No. 3:20-cv-00075-FDW-DCK, at doc. 9. In Matter Number 3, the plaintiff's other claims were dismissed as both duplicative and frivolous, including claims (1) pursuant to 42 U.S.C. § 1983; (2) for due process violations; (3) for conspiracy to commit real estate fraud; (4) for forgery; (5) for wrongful foreclosure; (6) for beach of contract; (7) for real estate deed fraud; (8) for obstruction of justice; (9) for slander of title or slander of credit; (10) for violations of the FDCPA; and (11) for IIED. *See Hopper*, C/A No. 3:22-cv-00116-FDW-DSC, at doc. 5. In the prior actions, the plaintiff's claims have been adjudicated on the merits each time and his claims have been dismissed as duplicative and frivolous. *Hopper*, C/A No. 3:22-cv-00116-FDW-DSC, at doc. 5; *Hopper* C/A No. 3:20-cv-00075-FDW-DCK, at doc. 9; *Hopper*, 2018 WL 1278204. Accordingly, the motions to dismiss by the Foreclosing Defendants and State Defendants on this ground should be granted.

16

### *Rooker-Feldman Doctrine*

In addition to the foregoing, both the Foreclosing Defendants and the State Defendants move to dismiss this action based upon the *Rooker-Feldman*[3] doctrine (docs. 18 at 9–11; 33 at 14–16). The court agrees that to the extent the plaintiff's amended complaint appears to request interference in the Foreclosure Action or seeks an order from this court vacating orders entered in the Foreclosure Action, such claims should be dismissed under the *Rooker-Feldman* doctrine (presuming the plaintiff's Foreclosure Action claims in this action fall outside of the *res judicata* bar). However, as will be addressed below, some of the plaintiff's claims *could* fall outside of *Rooker-Feldman*, so the defendants' other grounds for dismissal will be addressed *infra*.

"[T]he Rooker-Feldman doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Here, a portion of the plaintiff's claims rely upon his assertion that he has been injured by orders entered in the Foreclosure Action (*see generally* doc. 26). It is well-settled, however, that the *Rooker-Feldman* doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues; instead, only the Supreme Court of the United States may review those state court decisions. *See Feldman*, 460 U.S. at 476–82 (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under 28 U.S.C. § 1257); *Davani*, 434 F.3d

---

[3] The *Rooker-Feldman* Doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

at 719 (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

To rule in favor of the plaintiff in this action regarding the Foreclosure Action necessarily requires this court to overrule, or otherwise find invalid, orders entered in the Foreclosure Action. *Cf. In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments). Such a result is prohibited under the *Rooker-Feldman* doctrine. *Rooker*, 263 U.S. at 414–15 (noting that the district court lacked subject matter jurisdiction to issue a declaration that a state court judgment was null and void because only the United States Supreme Court has the power to so review a state court judgment). As such, the *Rooker-Feldman* doctrine applies to the plaintiff's claims involving the Foreclosure Action; thus, the motions to dismiss filed by the Foreclosing Defendants and the State Defendants on this ground should be granted.

### Eleventh Amendment Immunity - State Defendants

In addition to the foregoing, the State Defendants also move to dismiss this action based upon Eleventh Amendment immunity (doc. 33 at 12–14). The Supreme Court of the United States has held that states have immunity from suits brought in federal courts by their own citizens under the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). The Eleventh Amendment also bars suits brought against a state official acting in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, the plaintiff's allegations with respect to Ms. Chinn-Gary all involve her work in relation to the Foreclosure Action; thus, the claims are against her in her official capacity. Accordingly, the Eleventh Amendment bars any claims the plaintiff has for money damages against the State Defendants, and their motion to dismiss should be granted.

18

### *Judicial Immunity - State Defendants*

The State Defendants also assert that the plaintiff's claims against Ms. Chinn-Gary should be dismissed based upon judicial immunity (doc. 33 at 19–20). As noted above, judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11–12. Similarly, court clerks enjoy derivative absolute judicial immunity when they act as judicial officers, in obedience to a judicial order, or under the court's discretion. *See McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972). Relevant to the instant matter, clerks of the Superior Court, such as Ms. Chinn-Gary, are considered judicial officials under North Carolina law. *See* N.C. Gen. Stat. §§ 7A-40; 45-21.16. Here, the plaintiff's claims against Ms. Chinn-Gary involve her judicial actions under North Carolina law with respect to the Foreclosure Action. As such, judicial immunity also applies to the plaintiff's claims against Ms. Chinn-Gary and the State Defendants' motion to dismiss on this ground should be granted.

### *Section 1983 Claims - Foreclosing Defendants*

The Foreclosing Defendants also assert that any claims filed against them pursuant to 42 U.S.C. § 1983 should be dismissed because they were not acting under color of state law (doc. 18 at 14–15). It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). In distinguishing between state action and private action,

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

19

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor"; "when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case, however, is whether the private actor's conduct was fairly attributable to the state. *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000). Here, the plaintiff's amended complaint includes no allegations that there is a close nexus between the Foreclosing Defendants' challenged actions and the state such that the Foreclosing Defendants' actions may be attributed to the state, and filing a judicial action does not turn private actors into state actors. *See e.g. Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) (recognizing that although attorneys are referred to as officers of the court, that does not make them state actors). Likewise, there is nothing to suggest that the Foreclosing Defendants, comprised of private businesses and individuals, are state actors. In light of the foregoing, the plaintiff's § 1983 claims against the Foreclosing Defendants should be dismissed because

20

they are not state actors; thus, the Foreclosing Defendants' motion to dismiss on this ground should be granted.

### Section 1983 Claims - State Defendants

The State Defendants also assert that any claims filed against them pursuant to 42 U.S.C. § 1983 should be dismissed (doc. 33 at 20–21). First, as argued by the State Defendants, it is well settled that only "persons" may act under color of state law; thus, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). However, a state, such as the State of North Carolina, and state officials acting in his/her official capacity, such as Ms. Chinn-Gary, are not persons for purposes of § 1983. *See Will*, 491 U.S. at 71 (holding that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983"). As such, the State Defendants' motion to dismiss on this ground should be granted.

### Frivolousness

The Foreclosing Defendants and State Defendants also seek dismissal of this action as frivolous and for failure to state a claim (docs. 18 at 12–14; 33 at 18–19). The undersigned agrees. It is well-settled that the court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Here, however, even construing the plaintiff's amended complaint in his favor, the allegations merely echo those made on three prior occasions in this court, which have been dismissed as frivolous, with a warning in the most recent dismissal order that "any further duplicative,

21

frivolous, or abusive filings in this Court will be stricken without further notice and may result in the imposition of sanctions including a pre-filing injunction." *Hopper*, C/A No. 3:22-cv-00116-FDW-DSC, at doc. 5 (emphasis omitted). For example, the plaintiff – in an affidavit purporting to confirm unlawful actions by the defendants – asserts that the defendants have engaged in a pattern of racketeering activity based on their participation in the Foreclosure Action (doc. 56), an assertion that is based upon an indisputably meritless legal theory. *Neitzke*, 490 U.S. at 327. As such, the motions to dismiss by the Foreclosing Defendants and the State Defendants on this ground should be granted.

**Prefiling Restrictions**

Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (published). This "drastic remedy must be used sparingly" to ensure "constitutional guarantees of due process of law and access to the courts." *Id*. The factors for consideration in determining whether to enter a prefiling injunction include (1) the party's history of litigation, particularly whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id*. at 818 (internal citations omitted). If a court finds a prefiling injunction in warranted based on the four *Cromer* factors, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id*. Additionally, a litigant is entitled to notice and an opportunity to be heard prior to the imposition of a prefiling injunction. *Id*. at 819–20.

Here, the factors weigh in favor of entering a tailored prefiling injunction preventing the plaintiff from instituting new actions for a period of five years that involve the subject property (located at 8622 Berrybrook Lane, Charlotte, North Carolina) or the Foreclosure Action (*In re Matter of the Foreclosure of a Deed of Trust executed by*

22

*Brandace J. Hopper and Tamara V. Hopper*, C/A No. 22 SP 268 (Mecklenburg Cnty. Sup. Ct.)). As outlined in more detail, *supra*, the plaintiff has a history of filing frivolous, vexatious, and duplicative lawsuits involving the subject property and the Foreclosure Action – both in this court and in the North Carolina state court system. *See Hopper*, C/A No. 3:22-cv-00116-FDW-DSC; *Hopper*, C/A No. 3:20-cv-00075-FDW-DCK; *Hopper*, C/A No. 19 CVM 33951; *Hopper*, C/A No. 3:18-cv-00034-FDW-DSC. As outlined in the dismissal orders entered in each of the cases brought in this court previously, the plaintiff did not have a good basis for pursing the litigation. For example, after Matter Number 1 was dismissed for failure to state a claim, *Hopper*, 2018 WL 1278204, the plaintiff filed Matter Number 2 in this court, which was dismissed noting:

> Plaintiff's previous complaint, involving the same matters Plaintiff puts at issue in the instant Complaint, was dismissed by this Court with prejudice for failure to state a claim upon which relief may be granted. It is axiomatic that Plaintiff cannot simply move forward now on a newly filed Complaint on the same claims previously dismissed with prejudice.
>
> . . . .
>
> Here, the Complaint consists of one unsupported, conclusory allegation after another. Plaintiff's Complaint, therefore, is also subject to dismissal under Rule 8(a).

*Hopper*, C/A No. 3:20-cv-00075-FDW-DCK, at doc. 9 pp. 4–5. Likewise, Matter Number 3, which was dismissed with a warning to the plaintiff regarding the entry of a prefiling injunction, noted that the plaintiff's continued litigation regarding the subject property and the Foreclosure Action was "duplicative, frivolous, and vexatious" in nature. *Hopper*, C/A No. 3:22-cv-00116-FDW-DSC, at doc. 5 p. 9. As such, the second *Cromer* factor weighs in favor of entering a prefiling injunction with respect to the subject property and the Foreclosure Action.

The third factor likewise weighs against the plaintiff because his duplicative and vexatious filings have resulted in a burden on the court and the other parties involved in each of the plaintiff's cases. For example, in the instant matter alone, the plaintiff has

23

filed a total of 22 motions, many of which were baseless motions to strike that had to be handled by the court or required the defendants to file a response. Similarly, although the plaintiff did not file as many motions in his prior cases in this court, each case required the defendants (some of whom are named in this matter) to appear and file the appropriate motions to have the matters terminated. *See Hopper*, C/A No. 3:22-cv-00116-FDW-DSC; *Hopper*, C/A No. 3:20-cv-00075-FDW-DCK; *Hopper*, C/A No. 3:18-cv-00034-FDW-DSC. As such, based on the tiresome continued filings by the plaintiff, the third factor also weighs in favor of instituting a prefiling injunction. With respect to the fourth *Cromer* factor, it appears that alternative sanctions will not be adequate to address the vexatious filing practices of the plaintiff. For example, the plaintiff was specifically warned in Matter Number 3 that his filing practices could lead to the imposition of sanctions, including a prefiling injunction, but the plaintiff still filed the instant action. Moreover, in this case, the plaintiff has paid the full filing fee ($402.00) as well as the appellate filing fee ($505.00), meaning that monetary sanctions do not appear to be appropriate sanctions to curb his frivolous filings. As such, the fourth *Cromer* factor weighs in favor of entering a prefiling injunction.

   Accordingly, in light of the *Cromer* factors, the undersigned recommends that a prefiling injunction be entered against the plaintiff preventing him from instituting or pursuing any further cases in this district concerning the subject property or the Foreclosure Action for a period of five years. The plaintiff was previously warned in the order dismissing Matter Number 3 that "**any further duplicative, frivolous, or abuse filings in this Court will be stricken without further notice and may result in the imposition of sanctions including a pre-filing injunction**." *Hopper*, C/A No. 3:22-cv-00116-FDW-DSC, at doc. 5 p. 9 (emphasis in original). This report and recommendation provides a second notice to the plaintiff of the recommendation that a prefiling injunction be entered and provides him another opportunity to be heard regarding the imposition of a prefiling injunction.

## RECOMMENDATION

Wherefore, based upon the foregoing, the court recommends that the Foreclosure Action be severed from the instant matter and the Foreclosing Defendants' motion to remand (doc. 19) be **GRANTED IN PART**. Specifically, it is recommended that the Foreclosing Defendants' request to remand the Foreclosure Action be **GRANTED**, but that any further requested relief, including an instruction from this court that the bids placed to purchase the subject property may be honored, be **DENIED**.

IT IS FURTHER RECOMMENDED that the Foreclosing Defendants' motion to dismiss the complaint (doc. 17) be **DENIED AS MOOT**, that the Foreclosing Defendants' motion to dismiss the amended complaint (doc. 52) be **GRANTED**, that the State Defendants' motion to dismiss (doc. 32) be **GRANTED**, and that the plaintiff's motion for sanctions (doc. 7) and motions for default judgment (docs. 13; 41) be **DENIED**. IT IS FURTHER RECOMMENDED that because the instant matter is duplicative, frivolous, and subject to dismissal, that the plaintiff's motions for summary judgment (docs. 42; 57) be **DENIED** and that the remainder of the plaintiff's claims be **DISMISSED with prejudice as frivolous**.[4]

Should the United States District Judge assigned to this case adopt this recommendation, IT IS FURTHER RECOMMENDED that a prefiling injunction be entered against the plaintiff preventing him from instituting or pursuing any further cases in this district concerning the subject property or the Foreclosure Action for a period of five years. Based upon the foregoing, in accordance with the notice rule articulated in *Cromer*, **this**

---

[4] The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his amended complaint. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). As noted in more detail above, this action is subject to dismissal for multiple reasons, including frivolousness. Thus, the undersigned recommends that the court decline to automatically give the plaintiff leave to further amend his complaint.

**Report and Recommendation is NOTICE to the plaintiff that the undersigned has recommended that a prefiling injunction be entered against him that would prevent him from instituting or pursuing any further cases in this district concerning the subject property or the Foreclosure Action for a period of five years. The plaintiff is directed that specific written objections to this recommendation must be filed within fourteen (14) days of the date of service of this Report and Recommendation.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

June 12, 2023
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

26

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

United States District Court
Attention: Clerk's Office
401 West Trade Street
Charlotte, North Carolina 28202

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).