| | |
|---|---|
| Brandace Jarreau Rosevelt: Hopper, ) | Case No. 3:22-cv-259-DCC-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State of NC; Lawrence W. Blake; ) | |
| Hutchens Law Firm LLP; Frank D. ) | |
| Whitney; Hilton Terry Hutchens; ) | |
| Rocket Mortgage LLC; Elisa ) | |
| Chinn-Gary; Donald C. Coggins, Jr., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Motions for Temporary Restraining Order, Permanent Injunction, and Hearing; 11.1 Million in Sanctions; Default Judgment; and Summary Judgment (ECF Nos. 3, 7, 13, 41, 42, 57) and Defendants' Motions to Dismiss and to Remand (ECF Nos. 17, 19, 32, 52). In accordance with 28 U.S.C. § 636(b) and by Order of the Honorable Martin Reidinger, United States Chief District Judge for the Western District of North Carolina, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On July 8, 2022, the Magistrate Judge issued a Report as to Plaintiff's Motion Temporary Restraining Order, for Permanent Injunction, and Hearing ("the First Report"). ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious

consequences if he failed to do so. Plaintiff has not filed objections and the time to do so has lapsed. On June 12, 2023, the Magistrate Judge issued a Report on all the remaining Motions ("the Second Report"). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections and the time to do so has lapsed.[1]

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] The Magistrate Judge provides a thorough recitation of the procedural history of this case, including the assignment of the undersigned to this action, which the Court incorporates by reference.

While Plaintiff has not filed objections to either Report, there are certain aspects of this case that require some discussion. First, the Court will briefly address the fact that the undersigned was named as a Defendant in Plaintiff's Amended Complaint. At the time the Amended Complaint was filed, the Court had issued two orders in this case: one granting a motion for extension of time and one directing Plaintiff to mail future correspondence to the Clerk's Office. Thereafter, Plaintiff filed two motions for recusal, which the undersigned denied. Plaintiff filed a motion for reconsideration, which was likewise denied. Plaintiff appealed the first order denying his motion for recusal. The Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. The Court has previously addressed recusal in this matter but finds it is appropriate to revisit in light of the fact that this Order will conclude this case.

28 U.S.C. § 455(b)(5)(I) states that a judge shall disqualify himself when he is a party to an action. However, various courts have determined that a litigant may not be permitted to essentially "judge shop" or delay proceedings by naming the presiding judge as a defendant in an action. *Bush v. Cheatwood*, No. CIV.A.1:05CV2923-TWT, 2005 WL 3542484, at *1 (N.D. Ga. Dec. 23, 2005) ("Granting a motion to recuse in these circumstances would mean that a litigious pro se party such as the Plaintiff would have an effective means to manipulate and needlessly delay the judicial process." (citing *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993) (concluding that section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice"))); *Mellow v. Sacramento Cnty.*, No. CIVS080027MCEGGHPS, 2008 WL 2169447, at *2 (E.D. Cal. May 23, 2008), *report*

*adopted,* 2008 WL 3976873 (E.D. Cal. Aug. 21, 2008), *aff'd,* 365 F. App'x 57 (9th Cir. 2010) ("Any other ruling permits ever expansive suits against judges where the judge in the present proceeding is added to the next lawsuit for spite purposes, and so on and so on."). Here, particularly in light of the fact that this case was reassigned to Judges outside the Western District of North Carolina because Plaintiff had previously named a District Judge for the Western District of North Carolina as a Defendant in this action, the undersigned finds that his recusal would only serve to allow Plaintiff to unnecessarily prolong these proceedings. The Court further notes that the only allegations against him in the Amended Complaint relate to his role in this case and his general obligations as a United States District Judge.

Second, the Court turns to the Magistrate Judge's recommendation in the Second Report that a prefiling injunction be entered against Plaintiff preventing him from instituting or pursuing any further cases in this district concerning the subject property or the Foreclosure Action for a period of five years. As noted by the Magistrate Judge, Plaintiff has now been warned twice that continued "duplicative, frivolous, or abuse filings" may result in the imposition of sanctions including a pre-filing injunction. *See Hopper v. Hutchens, et al.,* C/A No. 3:22-cv-00116-FDW-DSC, at ECF No. 5 p. 9 (emphasis omitted); *see also* ECF No. 65 at 24.

Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004) (published). This "drastic remedy must be used sparingly" to ensure "constitutional guarantees of due process of law and access to the courts."

*Id.* The factors for consideration in determining whether to enter a prefiling injunction include (1) the party's history of litigation, particularly whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* at 818 (internal citations omitted). If a court finds a prefiling injunction in warranted based on the four *Cromer* factors, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.* Additionally, a litigant is entitled to notice and an opportunity to be heard prior to the imposition of a prefiling injunction. *Id.* at 819–20.

Here, the Court finds that the Magistrate Judge has applied the proper standard and adopts and incorporates his discussion of the *Cromer* factors into this Order. The undersigned specifically notes that Plaintiff was warned that a prefiling injunction was being recommended, that the Report served as notice, and that he could file objections to the Report within 14 days. ECF No. 65 at 25–26. Upon review, the Court agrees that a narrowly tailored prefiling injunction is appropriate in this action.

## **CONCLUSION**

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Magistrate Judge's recommendations in the First and Second Reports. The Foreclosure Action, as defined in the Second Report, is severed from the instant matter and Defendants Lawrence W. Blake, Hilton Terry Hutchens, Hutchens Law Firm, LLP, and Rocket

Mortgage, LLC's ("the Foreclosing Defendants") Motion to Remand [19] is **GRANTED IN PART**. Specifically, the Foreclosing Defendants' request to remand the Foreclosure Action is **GRANTED** and **REMANDED** to the Superior Court of Mecklenburg County. Any further requested relief, including an instruction from this Court that the bids placed to purchase the subject property may be honored, are **DENIED**.

The Motion for Temporary Restraining Order, Permanent Injunction, and Hearing [3] is **DENIED**.[2] The Foreclosing Defendants' Motion to Dismiss the Complaint [17] is **DENIED AS MOOT**, the Foreclosing Defendants' Motion to Dismiss the Amended Complaint [52] is **GRANTED**, and the Defendants State of North Carolina and Elisa Chinn-Gary's Motion to Dismiss [32] is **GRANTED**. Plaintiff's Motion for Sanctions [7] and Motions for Default Judgment [13, 41] are **DENIED**. Because the instant matter is duplicative, frivolous, and subject to dismissal, Plaintiff's Motions for Summary

---

[2] The First Report specifically recommends denial of the Motion for Temporary Restraining Order. Any motion for a permanent injunction and a hearing on this matter is likewise denied as Plaintiff has demonstrated no basis for the relief requested. *See El-Bey v. New York Soc. Servs. Agencies,* No. 3:17-CV-584-RJC-DSC, 2018 WL 325242, at *3 (W.D.N.C. Jan. 8, 2018) ("[A] plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." (quoting *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006))).

Judgment [42, 57] are **DENIED** and the remainder of Plaintiff's claims are **DISMISSED with prejudice as frivolous.**[3]

It is further ordered that a prefiling injunction is entered against Plaintiff preventing him from instituting or pursuing any further cases in this district concerning the subject property or the Foreclosure Action for a period of five years.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 21, 2023
Spartanburg, South Carolina

---

[3] The Court finds that Plaintiff cannot cure the defects identified above by amending his amended complaint. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). As discussed in detail by the Magistrate Judge, this action is subject to dismissal for multiple reasons, including frivolousness. Accordingly, the Court declines to automatically give Plaintiff leave to further amend his Amended Complaint.